UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| DIALECT, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SALESFORCE, INC.<br><br>*Defendant*. | Civil Action No. 7:25-cv-00061<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT AND DAMAGES
AND DEMAND FOR JURY TRIAL**

Plaintiff Dialect, LLC ("Dialect" or "Plaintiff") files this Complaint for Patent Infringement and Damages against Salesforce, Inc. ("Salesforce" or "Defendant") and alleges as follows:

**INTRODUCTION**

1. The novel inventions disclosed in U.S. Patent No. 8,015,006, (the "Asserted Patent") in this case were invented by VoiceBox Technologies, Inc. ("VoiceBox"). VoiceBox was a key pioneer in the fields of voice recognition technology and natural language understanding ("NLU") technology. These technologies power a wide variety of applications and platforms used in smartphones, tablets, TVs, Internet of Things ("IoT") devices, and vehicle multimedia and navigation systems. VoiceBox spent more than a decade developing and building key early NLU inventions, producing one of the most valuable patent portfolios in the industry, according to the Institute of Electrical and Electronics Engineers ("IEEE") in 2013. The Asserted Patent in this case is the result of this substantial investment and research.

2.  Over the years, the inventions claimed in the Asserted Patent have been licensed to key companies in the industry.

3.  The Asserted Patent, along with other former VoiceBox patents now owned by Dialect, is presently the subject of infringement lawsuits filed by Dialect against Google LLC (pending in the Northern District of California), Bank of America, N.A. (pending in the Eastern District of Texas), and Microsoft Corporation (pending in the Eastern District of Texas). Dialect also previously asserted the Asserted Patent against Amazon.com. Inc..

## THE PARTIES

4.  Plaintiff is the current owner and assignee of the Asserted Patent.

5.  Plaintiff is a Texas limited liability company with its principal place of business located at 133 E. Tyler St., Longview, TX 75601-7216.

6.  Defendant Salesforce, Inc. is a Delaware corporation that maintains an established place of business at 600 Congress Avenue, Austin, TX, 78701.

7.  On information and belief, Defendant directly and/or indirectly develops, designs, manufactures, uses, distributes, markets, and offers infringing products and/or services, including Defendant's Voice AI Agent product available through its Salesforce platform in the United States and within the Western District of Texas, and otherwise directs infringing activities to this District in connection with its products and/or services as set forth in this Complaint.

## JURISDICTION AND VENUE

8.  This civil action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285. Accordingly, this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331 and 1338(a).

9. This District has general and specific personal jurisdiction over Defendant because Defendant has committed acts, directly or through intermediaries, in this District, giving rise to this action; is present in and transacts and conducts business in this District and the State of Texas; and transacts and conducts business with residents of this District and the State of Texas.

10. Plaintiff's cause of action arises, at least in part, from Defendant's contacts with and activities in this District and the State of Texas.

11. Defendant has infringed the Asserted Patent within this District and the State of Texas by making, using, distributing, marketing, offering, and/or importing in or into this District and elsewhere in the State of Texas, products and/or services that infringe the Asserted Patent, including Salesforce Voice AI Agents (the Accused Products). Defendant, directly and through intermediaries, makes, uses, offers, imports, distributes, advertises, promotes, and/or otherwise commercializes such infringing products in or into this District and the State of Texas. Defendant regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of Texas.

12. This Court has personal jurisdiction over Defendants pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq*.

13. Personal jurisdiction exists over Defendant because Defendant has minimum contacts with this forum as a result of business regularly conducted within this District and the State of Texas, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within this District and the State of Texas.

14. This Court also has personal jurisdiction over Defendant, in part, because Defendant does continuous and systematic business in this District, including by providing

infringing products and services to the residents of this District that Defendant knew would be used within this District, and by soliciting business from the residents of this District.

15. This Court also has personal jurisdiction over Defendant because Defendant has made its products and services available for, at least, downloading and use within this District.

16. Accordingly, this Court's jurisdiction over the Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from Defendant's purposeful minimum contacts with the State of Texas.

17. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1400(b) because Salesforce has regular and established physical places of business in this District and has committed acts of patent infringement in the District.

18. For example, Defendant has an office in Austin that it lists on its website on the "Global Offices" page: 600 Congress Avenue, Austin, TX, 78701. Salesforce, *Global Offices*, https://www.salesforce.com/company/locations/ (last accessed Feb. 5, 2025).

## BACKGROUND

19. In 2001, three brothers, Mike, Rich, and Bob Kennewick, founded VoiceBox to bring NLU to a wide array of computer applications. They recognized that the typical computer speech-recognition systems forced human operators to adhere to a limited number of rigid speech prompts, typically through verbal menus of a so-called "Command and Control" system. These rigid prompts limited how systems were used and inhibited the widespread adoption of speech-recognition systems. The brothers believed that VoiceBox could become the first company to improve voice recognition systems to enable people to interact with computer speech systems naturally and effectively.

4

5

20. From its inception, VoiceBox engaged in intense research efforts to develop its NLU technology. As part of these efforts, VoiceBox achieved a significant milestone when it developed an early prototype called "Cybermind." As demonstrated on Seattle-area television news,[1] Cybermind was a voice-controlled speaker that could provide weather, recipes, sports scores, calendar updates, or play a song.



21. In addition, Cybermind enabled multi-modal user interactions. For example, Cybermind technology was used in desktop applications that could understand and respond to speech user input as well as non-speech user input.

---

[1] https://www.youtube.com/watch?v=DDcRyPnvWhw



22. On information and belief, consumer focus groups being introduced to VoiceBox conversational voice technology described it as "cool," "unbelievable," "so fast," "it makes you feel like you're in the future already," and "I feel like I'm in the Jetsons."[2]

23. Throughout its research and development efforts, VoiceBox realized that its technology could be deployed in a wide range of applications from connected home to mobile personal assistants.

24. VoiceBox's groundbreaking work did not go unrecognized. By January 2012, VoiceBox had become a leader in NLU and conversational voice technology. Leading companies throughout the world, including Samsung, Toyota, Lexus, TomTom, Pioneer, Chrysler, Dodge, and Magellan used VoiceBox's award-winning and patented natural language understanding technology. VoiceBox had software applications that ran on smart speakers, in-car systems, smartphones, smart TVs, computers, tablets, e-readers, and personal navigation devices. In November 2023, a Delaware jury determined that Amazon's "*Alexa*" platform, accessible through

---

[2] https://www.youtube.com/watch?v=WCOGNnH-Bws

over 500 million devices throughout the world, including Amazon's *Echo* devices and the *Alexa* application for iOS and Android, also utilized VoiceBox's patented technology.

25. In 2013, the Institute of Electrical and Electronics Engineers ("IEEE") ranked VoiceBox number 13 in patent power for the computer software industry, ranking between SAP AG and Sony Computer Entertainment Inc.

## IEEE Patent Power Rankings

**Computer Software**

| Rank | Company / Organization | Country of Headquarters | 2012 U.S. Patents | Pipeline Growth Index | Pipeline Impact | Self-Citations (%) | Adjusted Pipeline Impact | Pipeline Generality | Pipeline Originality | Pipeline Power |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Microsoft Corp. | United States | 2665 | 1.14 | 1.07 | 0.22 | 1.07 | 1.19 | 1.01 | 3909.67 |
| 2 | VMware Inc. | United States | 106 | 1.89 | 3.07 | 0.16 | 3.07 | 3.02 | 1.06 | 1966.63 |
| 3 | Citrix Systems Inc. | United States | 112 | 1.56 | 2.83 | 0.27 | 2.83 | 2.62 | 1.12 | 1441.86 |
| 4 | Symantec Corp. | United States | 379 | 1.34 | 1.54 | 0.16 | 1.54 | 1.63 | 1.01 | 1297.47 |
| 5 | Digimarc Corp. | United States | 94 | 0.9 | 5 | 0.88 | 2.08 | 4.8 | 1.12 | 944.96 |
| 6 | Oracle Corp. | United States | 913 | 0.92 | 1 | 0.12 | 1 | 1.13 | 0.98 | 930.36 |
| 7 | CommVault Systems Inc. | United States | 52 | 1.3 | 5 | 0.88 | 2.1 | 5 | 1.22 | 866.39 |
| 8 | Cadence Design Systems Inc. | United States | 158 | 1.15 | 2.45 | 0.15 | 2.45 | 1.76 | 0.89 | 699.87 |
| 9 | Adobe Systems Inc. | United States | 332 | 1.13 | 1.14 | 0.18 | 1.14 | 1.24 | 1 | 526.88 |
| 10 | Rovi Corp. | United States | 97 | 1.47 | 1.85 | 0.25 | 1.85 | 1.91 | 1.02 | 514.34 |
| 11 | TeleCommunication Systems Inc. | United States | 57 | 1.36 | 2.35 | 0.42 | 2.06 | 2.52 | 1.12 | 451.72 |
| 12 | SAP AG | Germany | 601 | 1.1 | 0.74 | 0.23 | 0.74 | 0.85 | 1.02 | 424.91 |
| 13 | **Voicebox Technologies Inc.** | **United States** | **11** | **1.83** | **5** | **0.65** | **3.26** | **5** | **1.29** | **423.56** |
| 14 | Sony Computer Entertainment Inc. | Japan | 220 | 1.33 | 1.1 | 0.36 | 1.03 | 1.26 | 1.08 | 409.7 |
| 15 | Bally Technologies Inc. | United States | 98 | 1.78 | 1.46 | 0.38 | 1.35 | 1.83 | 0.9 | 388.27 |
| 16 | Smith Micro Software Inc. | United States | 18 | 3 | 2.8 | 0.17 | 2.8 | 2.41 | 0.97 | 353.44 |
| 17 | McAfee Inc. | United States | 84 | 1.33 | 2.02 | 0.39 | 1.85 | 1.61 | 1.04 | 347.02 |
| 18 | Nuance Communications Inc. | United States | 160 | 1.15 | 1.19 | 0.3 | 1.19 | 1.56 | 1.02 | 345.99 |
| 19 | Synopsys Inc. | United States | 148 | 0.95 | 1.61 | 0.08 | 1.61 | 1.17 | 1.06 | 280.46 |
| 20 | Infosys Ltd. | India | 29 | 1.93 | 2.52 | 0.04 | 2.52 | 1.75 | 1.02 | 253.69 |

Source: IEEE Spectrum Patent Power 2013

26. After learning about VoiceBox's technology, Toyota hired VoiceBox to build a sophisticated NLU speech interface for its Lexus automobiles. VoiceBox built the voice and NLU capability for Toyota's award-winning Entune multimedia system[3].

---

[3] PRLOG Press Release Distribution, *Atlantic Toyota and Huntington Toyota Customers: Entune Wins Two Awards at CES in Las Vegas* (Jan. 31, 2011), https://www.prlog.org/11264790-atlantic-toyota-and-huntington-toyota-customers-entune-wins-two-awards-at-ces-in-las-vegas.html; BusinessWire, *VoiceBox and Toyota Form Strategic Relationship to Deliver In-car Voice Technology Innovations* (Jan. 9, 2012),

27. Some of the most well-known technology companies and automotive companies in the world have paid, in the aggregate, hundreds of millions of dollars for access to VoiceBox's patented technology, through licensing of VoiceBox patents, including the Asserted Patent, and through adoption and deployment of VoiceBox's software platform and functionality in their products and services.

## THE ASSERTED PATENT

28. The VoiceBox inventions claimed in the Asserted Patent relate to groundbreaking improvements to voice recognition and NLU and have particular application in Salesforce's Accused Products.

## U.S. PATENT NO. 8,015,006

29. On September 6, 2011, the U.S. Patent Office duly and legally issued the '006 Patent, entitled "Systems And Methods For Processing Natural Language Speech Utterances With Context-Specific Domain Agents." A true and correct copy of the '006 Patent is attached hereto as Exhibit 1.

30. Dialect is the owner and assignee of all right, title, and interest in and to the '006 Patent, including the right to assert all causes of action arising under the '006 Patent and the right to sue and obtain any remedies for past, present, or future infringement.

31. As described in the '006 Patent, "[a] machine's ability to communicate with humans in a natural manner remains a difficult problem," in part because "machine-based queries (e.g., questions, commands, requests, and/or other types of communications) may be highly

---

https://www.businesswire.com/news/home/20120109006490/en/VoiceBox-and-Toyota-Form-Strategic-Relationship-to-Deliver-In-car-Voice-Technology-Innovations#:~:text=LAS%20VEGAS%2D%2D(BUSINESS%20WIRE,car%20voice%20products%20and%20capabilities.

structured and are not inherently natural to the human user." '006 Patent at 1:33–41. Similarly, "[t]he fact that most natural language queries are incomplete in their definition is a significant barrier to natural human query-response interaction between humans and machines," and "many natural language questions are ambiguous or subjective," such that "the formation of a machine processable query and returning of a natural language response is difficult at best." *Id.* at 9:11–21.

32. Thus, while "speech recognition" (i.e., transcribing human speech into text) had "steadily improved in accuracy" and was "successfully used in a wide range of applications," (*id*. at 1:46–48) simply translating uttered speech from a user into machine-readable text form, alone, did not and does not overcome the additional challenges of creating a natural language query and response system. Instead, existing systems were "generally unable to provide a complete environment for users to make natural language speech queries and receive natural[-]sounding responses" and "[t]here remain[ed] a number of significant barriers to creation of a complete natural language speech-based query and response environment." *Id.* at 1:50–55.

33. To overcome these barriers, the inventors of the '006 Patent conceived novel software techniques and structures (and novel combinations and ordering of techniques and structures) not found in existing systems. The claimed invention "makes significant use of context, prior information, domain knowledge, and user specific profile data to achieve a natural environment for one or more users making queries or commands in multiple domains." *Id.*, Abstract. The inventions described and claimed in the '006 Patent overcome these challenges in various embodiments, for example by providing a system that uses domain agents to organize domain specific behavior and information. *Id.* at 2:54–3:7. The inventions in various embodiments further include a system that can "determine the user's identity by voice and name for each

9

utterance," so that "[r]ecognized words and phrases may be tagged with this identity in all further processing" for security and other purposes. *Id.* at 16:60–17:4.

34. The novel features of the invention are recited in the claims. For example, Claim 1 of the '006 Patent recites a novel combination of parsing to determine a meaning and a context of speech associated with a request involving a grammar by a domain agent, satisfying a predetermined confidence level, updating dictionaries or phrase tables, and determining an identity of a user based on voice characteristics:

> 1. A method for processing natural language speech utterances with context-specific domain agents, comprising:
>
> receiving, at a speech unit coupled to a processing device, a natural language speech utterance that contains a request;
>
> recognizing, at a speech recognition engine coupled to the processing device, one or more words or phrases contained in the utterance using information in one or more dictionary and phrase tables, wherein recognizing the one or more words or phrases contained in the utterance includes:
>
> dynamically updating the information in the one or more dictionary and phrase tables based on a dynamic set of prior probabilities or fuzzy possibilities;
>
> determining an identity associated with a user that spoke the utterance based on voice characteristics associated with the utterance; and
>
> associating the one or more recognized words or phrases and a pronunciation associated with the one or more recognized words or phrases with the determined identity and the request contained in the utterance in response to the one or more recognized words or phrases satisfying a predetermined confidence level;
>
> parsing, at a parser coupled to the processing device, the one or more recognized words or phrases to determine a meaning associated with the utterance and a context associated with the request contained in the utterance, wherein the one or more recognized words or phrases are further associated with the determined context in response to the one or more recognized words or phrases satisfying the predetermined confidence level;
>
> formulating, at the parser, the request contained in the utterance in accordance with a grammar used by a domain agent associated with the determined context;
>
> processing the formulated request with the domain agent associated with the determined context to generate a response to the utterance; and
>
> presenting the generated response to the utterance via the speech unit.

*Id.* at Claim 1.

35.     Embodiments of these claimed elements are shown and described in the specification. For example, Figure 1 shows an overall diagrammatic view of the interactive natural language speech processing system according to one embodiment:



FIG. 1

36.     The specification of the '006 Patent describes how these claim elements help the overall system overcome the technical limitations of existing speech recognition systems. *See, e.g.*, *id.* at 10:56–12:18 (describing domain agents, system agents, and their interactions); 17:13–18:49 (describing the use of the speech recognition system and the dictionary and phrase entries, parser and domain agents to determine context and criteria); 18:50–21:25 (describing the interactions between system and domain agents in processing questions or commands).

11

37. In explaining the reasons for allowing the claims, the United States Patent and Trademark Office described how the closest existing prior art did not disclose or teach the claimed combination of inventive elements:

> Independent Claim [5] is allowable because the prior art of record does not disclose or reasonably suggest a combination of parsing to determine a meaning and a context of speech associated with a request involving a grammar by a domain agent, satisfying a predetermined confidence level, updating user specific vocabularies or dictionaries, and determining an identity of a user based on voice characteristics. *Sabourin* (U.S. Patent No. 6,208,964) teaches updating user specific vocabularies or dictionaries, but not in combination with satisfying a predetermined confidence level and determining an identity of the user based on voice characteristics of the user. Although determining an identity of a user based on voice characteristics is known individually for a voice profile, the prior art of record does not disclose or reasonably suggest that feature in combination with updating a user specific vocabulary when a predetermined confidence level is not met.

'006 File History, Notice of Allowance and Fee(s) Due (May 9, 2011), Notice of Allowability at 2 (attached as Exhibit 2).

38. In April 2024, Google filed a petition for *inter partes* review of the '006 Patent. In October 2024, the Patent Trial and Appeal Board denied institution of *inter partes* review of the '006 Patent.

### SALESFORCE'S INFRINGING TECHNOLOGY

39. Salesforce is one of the largest and most successful technology companies in the world, with a market capitalization of more than $200 billion and an annual revenue of more than $30 billion as of 2024. https://stockanalysis.com/stocks/crm/market-cap/ (last visited February 6, 2025)

40. On information and belief, Salesforce first introduced Salesforce Voice AI Agent in 2024, integrating it across its platforms including Salesforce. Salesforce Voice AI Agent is powered by Salesforce's large language model and is designed to bring companies enhanced customer experience, streamlined operations, cost reduction and scalability. *What is an AI Voice*

*Agent?*, https://www.salesforce.com/service/call-center-integration/voice-ai-agent/ (last visited February 6, 2025). Often created with an agent builder, like Agentforce, Salesforce Voice AI Agents use natural language processing (NLP) and machine learning to engage in conversations, answer queries, and perform tasks, much like a customer service representative would. https://www.salesforce.com/service/call-center-integration/voice-ai-agent/#what (last visited February 6, 2025). On September 13, 2024, Salesforce acquired Tenyx, a developer of AI-powered voice agents that create natural and engaging conversational experiences. https://www.salesforce.com/news/stories/salesforce-signs-definitive-agreement-to-acquire-tenyx/ (last visited February 6, 2025).

41. Users can access Salesforce Voice AI Agent using their voice. Salesforce Voice AI Agent can assist users with providing product recommendations, handling returns, and troubleshooting technical issues. https://www.salesforce.com/service/call-center-integration/voice-ai-agent/#cases (last visited February 6, 2025).

42. Salesforce Voice AI Agent makes significant use of natural language processing and understanding, which are key aspects of the inventions claimed in the Asserted Patent. https://www.salesforce.com/service/call-center-integration/voice-ai-agent/?bc=OTH&t (last visited February 6, 2025).

**FIRST COUNT**
**(Infringement of U.S Patent No. 8,015,006)**

43. Dialect incorporates by reference the allegations set forth in Paragraphs 1-42 of the Complaint as though fully set forth herein.

44. The claims of the '006 Patent are valid and enforceable.

45. The claims of the '006 Patent are directed to patentable subject matter. The '006 Patent is directed to innovations that improve systems for natural language processing. The

13

claimed inventions provide specific concrete solutions to the problem of natural language processing in existing systems.

46. On information and belief, in violation of 35 U.S.C. § 271(a), Defendant has directly infringed and continues to directly infringe one or more claims of the '006 Patent, including at least Claim 5 of the '006 Patent, in the state of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States products and services that embody one or more of the inventions claimed in the '006 Patent, including the Accused Products.

47. Each of the Accused Products incorporates and/or implements elements that are identical or equivalent to each claimed element of the patented invention claimed by at least Claim 5 of the '006 Patent:

48. Claim 5 of the '006 Patent recites:

> 5. A method for processing natural language speech utterances with context-specific domain agents, comprising:
>
> receiving, at a speech unit coupled to a processing device, a natural language speech utterance that contains a request;
>
> recognizing, at a speech recognition engine coupled to the processing device, one or more words or phrases contained in the utterance using information in one or more dictionary and phrase tables;
>
> parsing, at a parser coupled to the processing device, information relating to the utterance to determine a meaning associated with the utterance and a context associated with the request contained in the utterance, wherein the parsed information includes the one or more recognized words or phrases;
>
> formulating, at the parser, the request contained in the utterance in accordance with a grammar used by a domain agent associated with the determined context, wherein formulating the request in accordance with the grammar used by the domain agent includes:
>
> determining one or more required values and one or more optional values associated with formulating the request in the grammar used by the domain agent;
>
> extracting one or more criteria and one or more parameters from one or more keywords contained in the one or more recognized words or phrases, wherein

> the parser extracts the one or more criteria and the one or more parameters using procedures sensitive to the determined context;
>
> inferring one or more further criteria and one or more further parameters associated with the request using a dynamic set of prior probabilities or fuzzy possibilities; and
>
> transforming the one or more extracted criteria, the one or more extracted parameters, the one or more inferred criteria, and the one or more inferred parameters into one or more tokens having a format compatible with the grammar used by the domain agent, wherein the one or more tokens include all the required values and one or more of the optional values associated with formulating the request in the grammar used by the domain agent;
>
> processing the formulated request with the domain agent associated with the determined context to generate a response to the utterance; and
>
> presenting the generated response to the utterance via the speech unit.

'006 Patent, Claim 5.

49. Each of the Accused Products implements a method recited in Claim 5. *See* Appendix A. Fact and expert discovery are expected to confirm that the Accused Products infringe the '006 Patent, for which further evidence may lie in whole or in part in source code and technical documents to which Dialect does not presently have access.

50. Further, on information and belief, Defendant has actively induced and/or contributed to infringement of at least Claim 5 of the '006 Patent in violation of at least 35 U.S.C. § 271(b) and (c).

51. Users of the Accused Products directly infringe at least Claim 5 of the '006 Patent when they use the Accused Products in the ordinary, customary, and intended way.

52. On information and belief, Defendant's inducements in violation of 35 U.S.C. § 271(b) include, without limitation and with specific intent to encourage infringement, knowingly inducing consumers to use the Accused Products within the United States in the ordinary, customary, and intended way by, directly or through intermediaries, supplying the Accused Products to consumers within the United States and instructing and encouraging such customers

to use the Accused Products in the ordinary, customary, and intended way, which Defendant knew infringes at least Claim 5 of the '006 Patent, or, alternatively, was willfully blind to the infringement.

53. On information and belief, Defendant's inducements in violation of 35 U.S.C. § 271(b) further include, without limitation and with specific intent to encourage the infringement, knowingly inducing customers to commit acts of infringement with respect to the Accused Products within the United States, by, directly or through intermediaries, instructing and encouraging such customers to import, make, use, sell, offer to sell, or otherwise commit acts of infringement with respect to the Accused Products in the United States, which Defendant knew infringes at least Claim 1 of the '006 Patent, or, alternatively, was willfully blind to the infringement.

54. On information and belief, Defendant actively advertised the Accused Products with instructions to users to encourage infringement.

55. For example, Defendant describes Salesforce Voice AI Agent and the Accused products on its websites. Salesforce, *Voice AI Agents for Customer Service: A Complete Guide*, https://www.salesforce.com/service/call-center-integration/voice-ai-agent/ (last accessed Feb. 6, 2025). On information and belief, Defendant actively encourages the users to use the Salesforce Voice AI Agent features shown on Defendant's websites, whose features closely match the claim elements of the '006 Patent. That supports a reasonable inference that Defendant encourages its users to infringe the '006 Patent.

56. On information and belief, in violation of 35 U.S.C. § 271, Defendant's contributory infringement further includes offering to sell or selling within the United States, or importing into the United States, components of the patented invention of and/or a material or

apparatus for use in practicing at least Claim 5 of the '006 Patent, constituting a material part of the invention. On information and belief, Defendant knows and has known the same to be especially made or especially adapted for use in an infringement of the '006 Patent, and such components are not a staple article or commodity of commerce suitable for substantial non-infringing use. For example, on information and belief, the Accused Products are not a staple article of commerce suitable for substantial non-infringing use, at least because they are especially designed and produced by Defendant to understand and respond to user speech utterances in a manner claimed by the '006 Patent, and they are not capable of substantial non-infringing use.

57. Defendant is not licensed or otherwise authorized to practice the claims of the '006 Patent.

58. Thus, by its acts, Defendant has injured Dialect and is liable to Dialect for directly and/or indirectly infringing one or more claims of the '006 Patent, whether literally or under the doctrine of equivalents, including without limitation Claim 5.

59. At a minimum, Defendant has knowledge of the '006 Patent and its infringement at least as of the filing of the Complaint. Defendant has had, and continues to have, the specific intent to infringe, through its deliberate and intentional infringement or, alternatively, through its willfully blind disregard of the '006 Patent by knowing there was a high probability of infringement but taking deliberate actions to avoid confirming that infringement. The filing of this action has also made Defendant aware of the unjustifiably high risk that its actions constituted and continue to constitute infringement of the '006 Patent. On information and belief, discovery will reveal additional facts and circumstances from which Defendant's knowledge and intent to infringe (or willful indifference), both before and after the filing of this action, may be inferred.

60.     Accordingly, Defendant's infringement of the '006 Patent has been and continues to be deliberate, intentional, and willful, and this is therefore an exceptional case warranting an award of enhanced damages and attorneys' fees and costs pursuant to 35 U.S.C. §§ 284 and 285.

61.     As a result of Defendant's infringement of the '006 Patent, Dialect has suffered monetary damages, and seeks recovery, in an amount to be proven at trial, adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty with interest and costs.

62.     On information and belief, Defendant will continue to infringe the '006 Patent unless enjoined by this Court. Defendant's infringement of Dialect's rights under the '006 Patent will continue to damage Dialect, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action for all issues triable by a jury.

Dated: February 7, 2025                    Respectfully Submitted,

*/s/ Garland Stephens*
Garland Stephens (Texas Bar No. 24053910)
garland@bluepeak.law
Richard Koehl (Texas Bar No. 24115754)
richard@bluepeak.law
**BLUE PEAK LAW GROUP LLP**
3139 West Holcombe Blvd.
PMB 8160
Houston, TX 77025
Tel: (281) 972-3036

Steven J. Wingard (Texas Bar No. 00788694)
swingard@scottdoug.com
**SCOTT DOUGLASS MCCONNICO LLP**
303 Congress Avenue, Floor 24
Austin, Texas 78701
(512) 495-6300

**ATTORNEYS FOR PLAINTIFF**